```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                                    :
                                    :
                                    :   HONORABLE JOSEPH E. IRENAS
UNITED STATES OF AMERICA            :
                                    :   CRIMINAL ACTION No. 06-654 (RBK)
     v.                             :
                                    :
MICHAEL CUMMINGS                    :         OPINION
                                    :
```

**APPEARANCES:**

Lorraine S. Gauli-Rufo, Esq.
Office of the Federal Public Defender
972 Broad Street
Newark, NJ 07102
    Counsel for Defendant Michael Cummings

R. Joseph Gribko, Esq.
Office of the United States Attorney
970 Broad Street
Newark, NJ 07102
    Counsel for the United States of America

**IRENAS**, Senior District Judge:

    Presently before the Court is a Motion by Defendant Michael Cummings ("Cummings") for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2).  For the reasons that follow, the Motion will be denied.

**I.**

    The Court will review the background of this case only insofar as necessary to resolve the present motion.  On August 25, 2006, Cummings pled guilty to a one-count information for

possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). At sentencing, the Court made a preliminary finding that the applicable total offense level ("TOL") for Cummings's conduct was 23. However, the Court also determined that Cummings met the definition of a career offender under U.S.S.G. §4B1.1. Therefore, Cummings's total offense level became 31,[1] along with a criminal history category ("CHC") of VI.

The Government moved for a downward departure under U.S.S.G. §5K1.1. The Court granted that motion and departed downwards nine levels, to level 22. For offenders with a TOL of 22 and a CHC of VI, the applicable advisory sentencing range was 84 to 105 months.[2] The Court sentenced Cummings to a term of 84 months incarceration.

Cummings now moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

**II.**

Under 18 U.S.C. § 3582(c)(2), the Court may reduce the term of imprisonment imposed upon a defendant "based on a sentencing range that has been subsequently lowered by the Sentencing

---

[1] Cummings's offense carried a statutory maximum sentence of forty years. See 21 U.S.C. § 841(b)(1)(B). As a result, his base offense level was 34, pursuant to U.S.S.G. §4B1.1. With a three-level adjustment for acceptance of responsibility, the resultant total offense level was 31.

[2] The applicable version of the Sentencing Guidelines were those effective as of November 1, 2005.

Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Williams*, 282 F.App'x 119, 122 (3d Cir. 2008) (quoting 18 U.S.C. § 3582 (c)(2)). On November 1, 2007, the Sentencing Commission adopted Amendment 706 to the Guidelines, the general effect of which is "to decrease by two levels the base offense levels for crack cocaine offenses." *Id.* at 121 (quoting *United States v. Wise*, 515 F.3d 207, 219 (3d Cir. 2008)). "Amendment 706 became retroactive as of March 3, 2008." *Id.*

### III.

At issue in this motion is the impact of Amendment 706, if any, on a defendant who was sentenced as a career offender for an offense involving crack cocaine. Relying on the text of § 3582(c)(2), Cummings argues that he is eligible for a sentence reduction notwithstanding his status as a career offender. Specifically, Cummings contends that all sentences for crack cocaine offenses "were **based on** the [subsequently lowered] crack guideline sentencing ranges because those ranges represented the starting point of every sentence even if the defendant was ultimately sentenced [as a career offender]." (Def.'s Br. 4-5 (emphasis added))

The Third Circuit recently addressed the applicability of Amendment 706 to career offenders in *United States v. Mateo*, 560

3

F.3d 152 (3d Cir. 2009).³  In that case, Jose Ramon Mateo ("Mateo") pled guilty to distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1).  *Id.* at 153.  Based solely on the nature of his offense conduct, Mateo would have been subject to a total offense level of 25.  *Id.*  The sentencing court, however, determined that Mateo was a career offender under U.S.S.G. §4B1.1, resulting in a total offense level of 31.  *Id.*  With a TOL of 31, and a CHC of VI, Mateo was subject to an advisory guidelines sentencing range of 188 to 235 months.  *Id.* at 153-54.  He was sentenced to a prison term of 188 months.  *Id.* at 154.

While Mateo was incarcerated, Amendment 706 was adopted and made retroactive.  *Id.*  Thereafter, Mateo unsuccessfully moved in district court for a sentence reduction under 18 U.S.C. § 3582(c)(2).  *Id.*

On appeal to the Third Circuit, Mateo argued that his sentence was "based on" a sentencing range that was subsequently lowered.  *Id.*  The Third Circuit disagreed, explaining that a defendant is only eligible for a sentence reduction if his "**sentencing range** [was] lowered by recalculation based on the amended base offense level."  *Id.*  As the panel explained, "'[t]he term "sentencing range" clearly contemplates the end

---

³ *Mateo* was decided after the filing of Cummings's motion and brief in support thereof.

result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus.'"  *Id.* at 155 (quoting *United States v. Caraballo*, 552 F.3d 6, 10 (1st Cir. 2008)) (alteration in original).  Thus, for a career offender such as Mateo, Amendment 706 did not "have the effect of lowering the sentencing range actually used at sentencing[.]" *Id.* (internal quotation marks omitted).  As a result, the Third Circuit held that Mateo was not eligible for a sentence reduction under § 3582(c)(2). *Id.*

The argument advanced by Cummings in the instant case must be rejected in light of the Third Circuit's precedential holding in *Mateo.*  Like the defendant in that case, Cummings pled guilty to an offense involving crack cocaine, but was ultimately sentenced as a career offender.  Amendment 706 did not alter the guideline range applied to Cummings at sentencing, and he can derive no benefit from 18 U.S.C. § 3582(c)(2).[4]

---

[4] It might be suggested that Cummings's situation is distinguishable from the defendant in *Mateo* because Cummings received a downward departure pursuant to U.S.S.G. §5K1.1.  However, recent non-precedential Third Circuit opinions have treated *Mateo* as controlling authority in cases involving career offenders who likewise received downward departures pursuant to §5K1.1.  *See United States v. Clark*, No. 08-2759, 2009 WL 1298418 (3d Cir. May 12, 2009); *United States v. Mack*, No. 08-2883, 2009 WL 1543700 (3d Cir. Jun. 2, 2009). The Court is persuaded that *Clark* and *Mack* correctly treat *Mateo* as controlling authority in such circumstances.

Cummings also suggests that the Court based the extent of his §5K1.1 departure on what his non-career offender offense level would have been.  The Court has reviewed the transcript of Cummings's sentencing, and finds no support therein for Cummings's argument.

**IV.**

For the reasons set forth above, Cummings's motion will be denied. The Court will issue an appropriate Order.


Dated: June   16th   , 2009


                                           s/ Joseph E. Irenas
                                     **JOSEPH E. IRENAS, S.U.S.D.J.**